**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Louis ALVAREZ–MARTINEZ,**
**Defendant–Appellant.**

**No. 00–50101.**
**D.C. No. CR–99–02508–J.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2001.

Decided April 6, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM *

In this appeal, we find that on the record before it, the district court erred by characterizing Appellant Louis Alvarez–Martinez ("Alvarez–Martinez") as a career offender within the meaning of United States Sentencing Guidelines ("U.S.S.G.")

* This disposition is not appropriate for publication and may not be cited to or by the courts

§ 4B1.1. Accordingly, we vacate his sentence and remand the case to the district court for re-sentencing.

■ Because the parties are familiar with the facts of this case, we do not recount them here, except as necessary to explain our decision. As discussed below, none of the judicially noticeable documents supplied by the government to the sentencing court demonstrate that Alvarez–Martinez was convicted of importing marijuana across an international border in 1995 when he pled guilty to violating California Health & Safety Code § 11360(a). *See United States v. Martinez*, 232 F.3d 728, 734–35 (9th Cir.2000) (holding that importation across an international border, as opposed to transportation across a state border or within a state, is required to find a controlled substance offense under U.S.S.G. § 4B1 .2(b)). We do note that the district court did not have *Martinez* to guide it when it sentenced this defendant.

The complaint presented by the government alleged that Alvarez–Martinez "did unlawfully import into this state, transport, offer, and attempt to import into this state and transport more than 28.5 grams of marijuana, in violation of HEALTH AND SAFETY CODE SECTION 11360(a)." While the complaint shows that the government may have charged Alvarez–Martinez with importation, it does not show that he was actually convicted of that charge. *Id.* Moreover, even though the complaint charged Alvarez–Martinez with both "importing" and "transporting" marijuana, the typed abstract of judgment form stated that he pled guilty only to "TRANSPORT MARIJUANA." The fact that no mention of "importation" is made in the abstract of judgment form suggests

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that Alvarez–Martinez was not convicted of that crime. *Id.*

 The government also offered Alvarez–Martinez's guilty plea form, in which he admitted that he "brought marijuana across the border into California." Contrary to the government's contention, and notwithstanding the common understanding of the word "border" in the Southern District of California court system, the phrase is ambiguous and does not show with the precision required by *Martinez* that Alvarez–Martinez imported marijuana across an international border. The critical word, "import," does not appear anywhere in the plea form, and the phrase "br[inging] marijuana across the border into California" would include bringing from Oregon, Nevada, or Arizona rather than from Mexico, courses of conduct not within the "import" category of the career criminal guideline. *Id.*

Finally, the government presented a pre-sentence report which, among other things, provided a factual description of Alvarez–Martinez's conduct leading to his arrest, specifically that he drove a marijuana-laden car from Mexico into the United States. Like the complaint, the PSR explains the conduct which led to Alvarez–Martinez's arrest and prosecution, but does not identify the offense for which he was actually convicted. "Under the categorical approach, we look to what [the defendant] was convicted of, not the conduct underlying his conviction. So it does not really matter whether [the defendant] transported marijuana across the Mexican border if that is not what he was convicted of doing...." *Id.* at 735; *see also* U.S.S.G. § 4B1.2, Application Note 2 (same).

Independently, or taken together, the judicially noticeable facts produced by the government fail to adequately demonstrate that Alvarez–Martinez was actually convicted of importing marijuana across an

international border. The district court erred by characterizing Alvarez–Martinez as a career offender. Accordingly, we must vacate the sentence and remand the case for re-sentencing.

VACATED AND REMANDED.